SHIVERS, Judge.
Appellant, plaintiff below, appeals an order dismissing his complaint pursuant to section 627.737(3) of the Florida “no-fault” statute. We reverse.
On May 11, 1980, a motor vehicle driven by plaintiff was involved in an accident with a vehicle owned and operated by ap-pellees, defendants below. Plaintiff suffered physical injuries and brought a tort action alleging that the injuries were caused by defendants’ negligence. The suit was not brought pursuant to the Florida no-fault statute. Defendants filed an answer denying the allegations of the complaint and alleging comparative negligence as an affirmative defense. Defendants’ answer did not allege tort immunity pursuant to section 627.737 of the no-fault statute, nor did it allege the existence of no-fault coverage as to defendants’ vehicle.
More than one year after filing their answer, defendants filed a “Motion to Question Threshold,” pursuant to section 627.737(3) of the no-fault statute. After a hearing on the motion, the trial court ordered the matter to be taken under advisement for 45 days, during which time plaintiff would have the -opportunity to depose his doctors and submit the depositions to the court, allowing the court to determine whether plaintiff had met the threshold requirements of the no-fault statute. On February 1, 1984, after plaintiff had failed to produce depositions of his doctors, the circuit court entered an order dismissing the complaint.
Appellant contends that the trial court erred in dismissing the complaint for failure to meet the threshold requirements of section 627.737(2), where the action was not *373 brought pursuant to the no-fault statute. We agree.
Subsection 3 of section 627.737, Florida Statutes, provides a method whereby a defendant, in an action brought pursuant to the no-fault statute, may question whether plaintiff has met the threshold requirements of subsection 2. If the court subsequently finds that the plaintiff will not be able to submit evidence that he has met the threshold requirements, the claim will be dismissed without prejudice to refile the action should he later meet the threshold requirements. Smith v. United States Fidelity & Guaranty Co., 305 So.2d 216 (Fla. 1st DCA 1974). As the tort action below was not brought pursuant to the no-fault statute, we agree with appellant that the court was incorrect in basing its dismissal upon subsection 3.
Further, appellant argues that the question of threshold is not applicable to his case as threshold requirements need be met only when a plaintiff attempts to “pierce” the defendant’s tort immunity. Appellant contends that appellees have no tort immunity under subsection 1 for two reasons. First, subsection 1 grants tort immunity to owners, registrants, operators, or occupants of motor vehicles with respect to which the required no-fault insurance has been provided. Appellant argues that appellees failed to plead the existence of a no-fault policy covering their vehicle, nor have they offered any proof of such a policy. Second, subsection 1 would exempt such a defendant from tort liability only “to the extent that [no-fault benefits] are payable”for plaintiffs injuries. Appellant argues that no such benefits were payable to him and, further, that as a non-resident driver of a motor vehicle belonging to a non-resident owner, he was not required to maintain Florida no-fault insurance under section 627.733(2). Thus, appellant contends that the no-fault statute does not apply to him and that he was correct in bringing a tort action against defendants, outside of the parameters of the no-fault statute.
While we note the logic of appellant’s argument, there is nothing before this court which would indicate whether any evidence was presented to the trial court regarding no-fault coverage of either party’s motor vehicle or whether the motor vehicle driven by appellant was required to be covered under the Florida statute (except for appellant’s affidavit stating he had been in Florida with the vehicle less than three days at the time of the accident). Therefore, we do not address the question of whether or not plaintiff’s action should have been brought pursuant to the no-fault statute. Instead, we note only that it was not brought under the no-fault statute and, thus, dismissal pursuant to section 627.-737(3) was not proper.
Accordingly, the order dismissing appellant’s complaint is REVERSED.
BOOTH, J„ and TILLMAN PEARSON (Ret.), Associate Judge, concur.